a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DESHAN SPIVEY #502345,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-00079<br>SEC P |
| VERSUS | JUDGE DRELL |
| CRAWFORD JORDAN ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Deshan Spivey ("Spivey"). ECF No. 1. Spivey is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Parish Jail in Winnfield, Louisiana. He complains that his constitutional rights are being violated by Sheriff Crawford Jordan, Warden Don Redding, and Deputy/Nurse Tommy Foster.

Because additional information is needed to evaluate his claims, Spivey must AMEND his Complaint.

I. Background

Spivey alleges that he requested use of the law library and was told by Warden Redding that Sheriff Jordan did not allow inmates to practice law in his jail. ECF No. 1 at 3. Spivey also requested an administrative grievance form, but Warden Redding said the Sheriff did not allow those, either. *Id.*

Spivey sought medical care on December 2, 2021, and was transported to a local clinic. *Id.* Spivey alleges that the doctor said she could not treat his illness, and

he was transported back to Winn Parish Jail. *Id.* Spivey continued to send requests for medical care to Nurse Foster, who denied the requests. *Id.* On December 29, 2021, Spivey was transported to the same outside clinic where the same doctor told him that he should go to an emergency room because he was bleeding internally. *Id.* Spivey alleges that Defendants refused to bring him to the emergency room, and he is still bleeding internally. *Id.*

II.  **Law and Analysis**

It is clearly established that prisoners have a constitutional right of access to the courts. *See Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir. 1993). The right of access is not unlimited and includes only a reasonable opportunity to file non-frivolous legal claims challenging the prisoner's convictions or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Thus, in order to state a claim that he was denied the right of access to the courts, a plaintiff must demonstrate that his position as a litigant was actually prejudiced. *See Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993)). The requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Instead, a plaintiff must, at the very least, show that he was prevented from filing a non-frivolous pleading. Spivey must amend his Complaint to show an actual injury caused by the lack of access to the law library.

Spivey should also state whether he has requested medical care from Nurse Foster since December 29, 2021. If so, he should state the dates on which he

requested treatment, the reason for the request, and the response received. Spivey should state whether the requests were made in writing, and provide any written responses he received. Finally, Spivey should allege what symptoms he is experiencing.

### III. Conclusion

Because additional information is needed regarding his claim, Spivey must AMEND his Complaint within 30 days of the filing of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Monday, March 7, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3