a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DESHAN SPIVEY #502345, <br> Plaintiff | CIVIL DOCKET NO. 1:22-CV-00079 <br> SEC P |
| VERSUS | JUDGE DRELL |
| CRAWFORD JORDAN ET AL, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint and Amended Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Deshan Spivey ("Spivey"). ECF Nos. 1, 9, 11. Spivey is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Parish Jail in Winnfield, Louisiana. He complains that his constitutional rights are being violated by Sheriff Crawford Jordan, Warden Don Redding, and Deputy/Nurse Tommy Foster.

Because Spivey is not entitled to injunctive relief, his Complaint (ECF Nos. 1, 9, 11) should be DENIED and DISMISSED WITH PREJUDICE.

I.  Background

Spivey alleges that he asked to use the law library and was told by Warden Redding that Sheriff Jordan did not allow inmates to practice law in his jail. ECF No. 1 at 3. Spivey also requested an administrative grievance form, but Warden Redding said the Sheriff did not allow those, either. *Id.*

Spivey was ordered to amend his Complaint to state how his position as a litigant was prejudiced by the implied denial of access to the courts. ECF No. 8. In response, Spivey states that he was unable to file a motion for a bill of particulars and a motion for speedy trial with respect to pending criminal charges. ECF No. 9 at 1. However, Spivey acknowledge that an attorney is representing him on the criminal charges. ECF No. 11 at 2.

Spivey sought medical care on December 2, 2021, and he was transported to a local clinic. *Id.* Spivey alleges that the doctor said she could not treat his illness, and he was transported back to Winn Parish Jail. *Id.* Spivey continued to send requests for medical care to Nurse Foster. She denied the requests. *Id.* On December 29, 2021, Spivey was transported to the same outside clinic where the same doctor told him that he should go to an emergency room because he was bleeding internally. *Id.*

In an Amended Complaint, Spivey states that he was transported to the emergency room on January 7, 2022, but the doctor refused to see him because the Warden informed the doctor that Spivey already had an appointment scheduled with LSU. ECF No. 9 at 2. Additionally, when the Sheriff was informed that another inmate was being admitted to the hospital, he reportedly said that he would not pay for two medical bills. *Id.*

On January 12, 2022, Spivey was examined at LSU. There, the physician told deputies Spivey should be taken to the emergency room. The officers refused because they did not have the approval of the sheriff. The LSU physician scheduled an

appointment for Spivey with a gastroenterologist, who examined Spivey in March. Spivey alleges that he is scheduled to have a procedure on March 29, 2022. *Id.* at 3.

In his original Complaint, Spivey asks the Court to order Defendants to provide a law library and a medical department and to compensate him for his injuries. ECF No. 1 at 4. However, Spivey recently clarified that he is not seeking any monetary damages. ECF No. 11 at 3. Thus, Spivey only seeks prospective injunctive relief in the form of the creation of a law library and a "proper" medical department. *Id.*

II. <u>Law and Analysis</u>

    A. <u>Spivey's Complaint is subject to preliminary screening.</u>

Spivey is an inmate who has been allowed to proceed *in forma pauperis*. ECF No. 6. As a prisoner seeking redress from an officer or employee of a governmental entity, Spivey's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Spivey's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

    B.    <u>Spivey is not entitled to a law library.</u>

There is no abstract, free-standing right to a prison law library. *See Lewis v. Casey*, 518 U.S. 343 (1996). Inmates must only be provided with "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Thus, states must provide prisoners with law libraries or alternative sources of legal knowledge. *Id.* Access to a law library is just "one constitutionally acceptable method to assure meaningful access to the courts," and "alternative means to achieve that goal" exist. *Casey*, 518 U.S. at 351. Spivey has an "alternative source of legal knowledge" in the form of court-appointed counsel. *Bounds,* 430 U.S. at 817.

And although Spivey alleges that he was unable to file pro se motions in his criminal case, he has not alleged an injury or demonstrated that his position as a litigant was prejudiced. *Casey*, 518 U.S. at 354.

    C.    <u>Spivey is not entitled to an order establishing a medical department.</u>

Spivey also seeks an order directing the Winn Parish Jail to provide a "proper" medical department. The Prison Litigation Reform Act greatly limits the ability of a court to fashion injunctive relief. *See* 18 U.S.C. § 3626(a)(1)(A). A prisoner seeking injunctive relief on the grounds that there is "a contemporary violation of a nature likely to continue" must show both the existence of a violation and produce evidence "from which it can be inferred that the [prison] officials were at the time suit was

filed . . . knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so . . . during the remainder of the litigation and into the future." *Farmer v. Brennan*, 511 U.S. 825, 831 (1994); *Dockery v. Hall*, 443 F.Supp.3d 726, 737–38 (S.D. Miss. 2019), *aff'd sub nom. Dockery v. Cain*, 7 F.4th 375 (5th Cir. 2021). That is, a plaintiff must establish that there is an ongoing constitutional violation which requires prospective injunctive relief. *See Cantu Servs., Inc. v. Roberie*, 535 F. App'x 342, 344-45 (5th Cir. 2013).

Spivey does not specify what he believes is a "proper" medical department. He implies that Nurse Foster's employment was terminated, and there was no medical staff from February 15 through March 12, 2022. ECF No. 9 at 3. However, Spivey states that a new nurse has been hired. *Id.*

Additionally, Spivey does not allege an ongoing violation of federal law. Although he claims that he was initially denied medical care, he was examined by a gastroenterologist and underwent a medical procedure on March 29, 2022. ECF No. 9. at 3. Spivey's medical concerns have been addressed. To the extent he disagrees with the course of treatment received, he fails to state a viable constitutional claim. *See Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Spivey does not allege that he faces an intolerable or substantial risk of harm in the future.

### III. Conclusion

Because Spivey is not entitled to the injunctive relief sought, IT IS RECOMMENDED that his Complaint (ECF Nos. 1, 9, 11) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915 and 1915A.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Monday, May 23, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE